NicholsoN, C. J.,
delivered the opinion of the Court.
On the 10th of November, 1865, Jno. W. Steele sold to Benj. E. Shields, as trustee, a tract of land of seventy-seven acres, adjoining the Cayee Spring’ tract, in 'Williamson county, at the price of $6,851, of which one third was paid in cash, and two notes, each for $2,117, payable at one and two years, were executed by Benj. E. Shields, as trustee; the said Jno. W. Steele' executing to Shields a bond for title, when the balance of the purchase money should be paid. Shields failed to pay the first note when due, and suit was * brought, and judgment rendered. Afterwards, and before the second note matured, Steele filed his bill against Benj. E. Shields and three of his children, alleging that Shields contracted with him as trustee for his children, and that three of them, who are of age, were present, giving their -sanction to the contract, and afterwards ratifying the same, and living upon and treating the land as their own. He insists that the three children, as well as Shields himself, are responsible for the balance of the purchase money. He further states, that the land he sold Shields has depreciated so much in value, that if he relies on that for the balance of his purchase money, it will not pay more than one half thereof. On that account he seeks to subject the remainder interest, which the three children have in a tract of land, near Nashville, of about twenty-five acres, held by G. M. Eogg *3 as trustee for them, during the life of their father, and then to be divided among the children of Benj. F. Shields. He seeks also to subject the remainder interest of the three children, in a house and lot in Nashville, held in trust by their father, Benj. F. Shields; and after their interests in the land, and house and lot are exhausted, he prays that the seventy-seven acres in Williamson county be sold to satisfy any balance of his debt.
The bill was taken for confessed as to Benj. F. Shields. The three children demur to the bill for want of equity as to them; and upon the overruling of their demurrer they answer, admitting the purchase of the land at the price stated, and that their father purchased as their trustee, and that they were present and approved the acts of their father; but they deny that they are personally liable, or that their remainder interests in the lands near Nashville, or their house and lot in Nashville, can be subjected to the debt created by their father.
The Chancellor gave complainant a decree for the sale of the seventy-seven acres, for the satisfaction of the balance of the purchase money; but he dismissed the bill as to the three children, and from the decree complainant appealed to this' Court.
There was no error in the decree of the Chancellor. Without deciding whether the three children could be made liable in any proceeding, to pay for the land bought by their father, and for which he executed his notes, and received from complainant a bond for title, it is clear they could not be made *4 liable in a Court of Chancery. If they are liable at all, which we do not mean to intimate, the remedy of complainant is at law.
Nor has the Court of Chancery any jurisdiction to subject the remainder interests of the three children in the real estate in Davidson county, to sale, to satisfy the claim set up by complainant, without having first reduced his claim to a judgment. On both grounds, the bill was properly dismissed as to the three children. The decree as to the sale of the seventy-seven acres, for the satisfaction of the purchase money, is correct.
The decree below is affirmed, and the land ordered to be sold by the Clerk of this Court.
The costs of this Court, and so much of the costs below as accrued by making the three children parties, will be paid by complainant; the bal-ancé of the costs will be paid out of the proceeds of the sale.